UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE BELKIN, INDIVIDUALLY
AND AS NEXT OF KIN OF GAIL BELKIN,

    Plaintiff,

v.

ISLAMIC REPUBLIC OF IRAN, *et al.*,

    Defendants.

Case No. 1:06CV00711 (PLF)

## MOTION FOR JUDGMENT BY DEFAULT

Plaintiff, through undersigned counsel, respectfully moves pursuant to Rule 55(b) for judgment by default. In support thereof, the following is submitted:

1. The amended complaint was served on defendants Islamic Republic of Iran, the Ministry of Information and Security ("MOIS") and the Iranian Revolutionary Guard Corp via State Department channels on April 22, 2007 pursuant to 28 U.S.C. § 1608(a)(4). Defendants had until June 21, 2007 to file a responsive pleading. Thereafter, and up to the present, the defendants have failed to plead or otherwise defend this action as provided by the Federal Rules of Civil Procedure.

2. On July 6, 2007, the Clerk entered a default as to each defendant pursuant to Rule 55(a), Fed. R. Civ. P.

3. Plaintiffs now move for a judgment by default pursuant to Rule 55(b)(2). However, as provided for in relevant part in 28 U.S.C. § 1608(e) of the Foreign Sovereign Immunities Act,

> No judgment by default shall be entered by a court of the United
> States ... against a foreign state, a political subdivision thereof, or
> an agency or instrumentality of a foreign state, unless the claimant

150013_1.DOC

establishes his claim or right to relief by evidence satisfactory to the court...

4. Plaintiffs request the opportunity to establish their claims through the presentation of evidence satisfactory to the Court. As these cases against the Islamic Republic of Iran ("Iran"), MOIS and the Iranian Revolutionary Guard Corp have become more common in this District and often with overlapping evidence, a number of the judges of this Court have proceeded in whole or in part by way of prior sworn testimony and affidavits in these uncontested proceedings. *See, e.g., Weinstein v. Islamic Republic of Iran,* 175 F.Supp.2d 13, 21 (D.D.C. 2001) (Lambert, J.); *Jacobsen v. Islamic Republic of Iran, et al.,* Civil Action No. 02-1365 (Robertson, J.).

5. Culpability for the suicide bombing of the Dizengoff Center Shopping Mall, in which Plaintiff's wife was killed, has been attributed to the Palestine Islamic Jihad ("PIJ"), Shaqaqi faction. Iran's, MOIS', and the Revolutionary Guard Corp's support of the terrorist activities of the Shaqaqi faction of the PIJ has been previously established. *See Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 8-10 (D.D.C. 1998) (Lamberth, J.). Dr. Patrick Clawson has been retained by Mr. Belkin to serve as an expert in this matter as to the parties responsible.

6. Plaintiff is prepared to promptly submit his verified documentary evidence to support a money judgment against Iran and its agencies and to file with the Court proposed findings of fact and conclusions of law. In the alternative, should the Court want to proceed by way of an actual trial, Plaintiff requests that a trial date be set at the Court's convenience, with sufficient time to secure the attendance of witnesses from Israel.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment by default following: (1) the presentation of verified documentary evidence or,

alternatively, (2) the presentation of evidence at trial establishing Plaintiff's right to relief that is satisfactory to the Court.

Dated:  July 27, 2007                                         Respectfully submitted,

/s/ Paul L. Knight
Emil Hirsch (DC Bar No. 930479)
Paul L. Knight (DC Bar No. 911594)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C.  20006-2803
Telephone:  (202) 887-1400
Facsimile:  (202) 466-3215

*Attorneys for Plaintiff*