UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE BELKIN, INDIVIDUALLY AND AS
NEXT OF KIN OF GAIL BELKIN,

                    Plaintiff,

    v.

ISLAMIC REPUBLIC OF IRAN, *et al.,*

                    Defendants.

Case No. 06-00711 (PLF)

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT IN LIGHT OF RECENT AUTHORITY

Plaintiff Lawrence Belkin, through undersigned counsel, respectfully requests leave to file an Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

As set forth in the attached Memorandum of Points and Authorities in Support of his Motion for Leave to File an Amended Complaint, Plaintiff seeks leave to amend his Complaint to add claims under the recently enacted § 1605A of the Sovereign Foreign Immunities Act, 28 U.S.C. §§ 1602 et seq. and to have the Amended Complaint, attached herto, treated as if it had originally been filed under that provision.

Wherefore, Plaintiff respectfully requests that his Motion for Leave to File an Amended Complaint be granted.

Respectfully submitted,

/s/Paul L. Knight
Paul L. Knight (D.C. Bar #911594)
Emil Hirsch (D.C. Bar #903479)
O'Connor & Hannan, LLP
1666 K Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 887-1400
Facsimile: (202) 466-3215

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE BELKIN, INDIVIDUALLY AND AS
NEXT OF KIN OF GAIL BELKIN,

                     **Plaintiff,**

      **v.**                             **Case No. 06-00711 (PLF)**

ISLAMIC REPUBLIC OF IRAN, *et al.,*

                     **Defendants.**

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE
<u>AMENDED COMPLAINT IN LIGHT OF RECENT AUTHORITY</u>

Plaintiff Lawrence Belkin, individually and as the next of kin of his late wife Gail Belkin, respectfully submits the following additional authority in support of his motion to file a First Amended Complaint made pursuant to Rule 15(a), Fed. R. Civ. P.

A.    <u>Introduction</u>

    1.    As the Court is aware, this is an action against the Islamic Republic of Iran ("Iran"), Iran's Ministry of Information and Security ("MOIS") and Iran's Islamic Revolutionary Guard Corp. ("IRGC") for the extrajudicial killing of Mr. Belkin's wife by a Palestine Islamic Jihad suicide bomber acting with the support and assistance and in concert with Iran, <u>et al.</u>  The Complaint herein was originally served on Iran on April 20, 2006.  It was never responded to by any of the defendants and a default was entered on July 9, 2007.  Plaintiff made an evidentiary submission and filed Proposed Findings of Fact and Conclusions of Law on December 7, 2007. This matter is pending before the Court.

    2.    The gist of this case is the intentional infliction of emotional distress ("IIED") inflicted on Lawrence Belkin, his loss of solatium and his economic losses stemming from his

wife's wrongful death. In light of <u>Cicippio-Puleo</u> v. <u>Islamic Republic of Iran</u>, 353 F.3d 1024, 1033 (D.C.C. 2004), Mr. Belkin was required, at the time he initially filed his Complaint in 2006, to establish his causes of action either under state law, foreign law or customary international law. Mr. Belkin asserted claims under all three possible sources of law. See Complaint Counts I, IV-X. Mr. Belkin's state law claims were made under District of Columbia law under the reasoning in <u>Haim</u> v. <u>Islamic Republic of Iran</u>, 425 F.Supp.2d 56, 69 (D.C.C. 2006) and <u>Bodoff</u> v. <u>Islamic Republic of Iran</u>, 424 F. Supp. 2d 74, 83-84 (D.D.C. 2006). Like the plaintiffs in <u>Haim</u> and <u>Bodoff</u>, Lawrence Belkin was a resident of Israel at the time of his wife's murder and maintained no state domicile in the United States. The district court in <u>Bodoff</u> and <u>Haim</u> chose to apply District of Columbia law. Mr. Belkin's claims under Israeli law for his emotional distress and economic losses were demonstrated in <u>Ettinger Estate</u> v. <u>Jewish Quarter Company</u>, a copy of which was attached to Plaintiff's proposed findings of fact and conclusions of law.

B.    <u>Recent Authority</u>

1.    Under legislation enacted on January 28, 2008, which is operative until March 28, 2008, Plaintiff can now lodge similar IIED and wrongful death private causes of action under federal common law – that is, under the case law that existed prior to the D.C. Circuit's opinion in <u>Cicippio-Puleo</u>, <u>supra</u> when the parties and the courts operated on the belief that there were federal common law causes of action. <u>See</u>, <u>e.g.</u>, <u>Flatow</u> v. <u>Islamic Republic of Iran</u>, 999 F. Supp. 1 (D.D.C. 1998).

2.    On January 28, 2008, President Bush signed into law the National Defense Authorization Act for Fiscal Year 2008, Public Law 110-181 (2008). Section 1083 of the Act amends 28 U.S.C. § 1605 in several respects pertinent to cases brought by victims of terrorism, including the creation of new provisions codified at 28 U.S.C. § 1605A. Although this new

enactment has several important provisions, particularly relevant here is the express creation by

Congress of a private right of action under federal law and possibly the institution of punitive

damages as a remedy against the terrorism-sponsoring state itself. Specifically, 28 U.S.C.

§ 1605A(c) provides in pertinent part:

> C.    Private Right of Action
>
>         A foreign state that is or was a state sponsor of terrorism as
> described in subsection (a)(2)(A)(i), and any official, employee, or agent
> of that foreign state while acting within the scope of his or her office,
> employment, or agency, shall be liable to –
>
>         (1)    a national of the United States,
>
>         (2)    a member of the armed forces,
>
>         (3)    an employee of the Government of the United States, or of
> an individual performing a contract awarded by the United States
> Government, acting within the scope of the employee's employment, or
>
>         (4)    the legal representative of a person described in paragraph
> (1), (2), or (3),
>
> for personal injury of death caused by acts described in subsection (a)(1)
> of that foreign state, or of an official, employee, or agent of that foreign
> state, for which the courts of the United States may maintain jurisdiction
> under this section for money damages. In any such action, damages may
> include economic damages, solatium, pain and suffering, and punitive
> damages, and punitive damages. In any such action, a foreign state shall
> be vicariously liable for acts of its officials, employees, or agents.

A full copy of the recently enacted 28 U.S.C. § 1605A is attached at Tab 1.

3.    Private Right of Action. It appears clear that it was the intent of Congress to create

private causes of action under federal law, which was the prevailing law prior to the D.C. Circuit's

decision in Cicippio-Puelo v. Islamic Republic of Iran. Stated differently, this new law expands

the private right of action now provided against individuals and officials directing terrorism under

the Flatow Amendment, 28 U.S.C. § 1605 note, to actions against a foreign state itself.

Accordingly, Plaintiff Lawrence Belkin has prepared and attached a First Amended

Complaint charging intentional infliction of emotional distress, loss of solatium and wrongful

death under this new federal common law. These additional claims are essentially identical to those two causes of action brought under District of Columbia state law in the original Complaint.

      4.     <u>Punitive Damages</u>. It likewise appears that it was the intent of Congress, as the plain language of the above provision suggests, to make punitive damages available against the foreign state itself as an additional remedy for state-sponsored terrorism, thereby reversing the current state of the law on this point. <u>See and compare</u>, e.g., <u>Salazar</u> v. <u>Islamic Republic of Iran</u>, 370 F.Supp.2d 105, 116 (D.D.C. 2005) (punitive damages may not be awarded against the foreign state itself, and can only be awarded against an agency or instrumentality of that foreign state). What is not clear is how § 1605A will operate in light of existing § 1606 which precludes punitive damages against foreign states.

Plaintiff Belkin is not pursuing punitive damages against Iran under this new provision. Indeed, upon further review of existing case law in light of this new provision, there is additional authority suggesting that his request for the award of punitive damages in this matter made in his proposed findings of fact and conclusions of law may be inappropriate. In his Proposed Findings of Fact and Conclusions of Law filed on December 7, 2007, Plaintiff requested punitive damages against the IRGC on the strength of <u>Bayani</u> v. <u>Islamic Republic of Iran</u>, Civ. No. 04-1712 (HHK) wherein the district court concluded there was sufficient evidence that the IRGC had become a commercial enterprise and thus an agency or instrumentality subject to the imposition of punitive damages. A copy of <u>Bayani</u> is attached to Plaintiff's Proposed Findings of Fact at Tab 12. In the Proposed Findings of Fact and Conclusions of Law, Plaintiff suggested that <u>Bayani</u> was good law and distinguishable from prior precedent such as <u>Blais</u> v. <u>Islamic Republic of Iran</u>, 459 F.Supp.2d 40, 60 (D.D.C. 2006) and <u>Prevatt</u> v. <u>Islamic Republic of Iran</u>, 421 F.Supp.2d 161-162 & n.2

(D.D.C. 2006). However, in considering punitive damages in light of the recently enacted

§ 1065A, Plaintiff became aware that under the authority of <u>Bodoff</u> v. <u>Islamic Republic of Iran</u>,

424 F.Supp.2d at 74 and <u>Campuzano</u> v. <u>Islamic Republic of Iran</u>, 281 F.Supp.2d 205, 278 (D.D.C.

2003), punitive damages are to be awarded only to direct victims of terrorism (<u>i.e.</u>, the actual

hostages) or to the estates of victims of terrorism. <u>Bodoff</u> and <u>Campuzano</u> further hold that

punitive damages should not be awarded to plaintiffs who are family members of hostages or

family members of deceased victims of terrorism. In this matter, since the victim of the terroristic

act, namely Gail Belkin, is not a U.S. national, her estate lacks standing to sue and thus her estate

cannot be the recipient of a punitive damages award.[1]

C.    <u>Leave to Amend the Complaint Is Appropriate Under Federal Rule of Civil Procedure 15(a)</u>

1.    Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should

be granted "freely ... where justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) also allows

a party to "amend its pleading once as a matter of course ... before being served with a

responsive pleading[,]". Fed. R. Civ. P. 15(a)(1)(A). None of the defendants have ever filed a

responsive pleading in this matter.

2.    The amendment to the complaint is necessary to assert claims for relief under the

newly created federal causes of action contained in the National Defense Authorization Act for

Fiscal year 2008, Pub. L. 100-181 (2008) and made part of the Foreign Sovereign Immunities

Act, 28 U.S.C. § 1602 et seq. In this legislation, Congress expressly mandated that actions

which had been "brought under [28 U.S.C.] § 1605(a)(7)" ..., which were pending before the

court on January 28, 2008, "shall, on motion made" by Plaintiff, "be given effect as if the action

---

[1]    Since punitive damages do not appear to be appropriate in this matter, Plaintiff requests that the Court award prejudgment interest as requested in his proposed finding of fact and conclusion of law, pp. 32-33. Prejudgment interest was recently awarded in another terrorism case decided by Judge Ellen Segal Huvelle. <u>See</u> <u>Ben-Rafael</u> v. <u>Islamic Republic of Iran</u>, Civ. No. 06-0721 (ESH), decided February 25, 2008 at p. 32.

had originally been filed under section 1605(c) of title 28, United States Code." See 28 U.S.C. § 1605A(c)(2)(A); See also Tab 1, p. 6. Such a motion must be made, however, as it is here, within 60 days of January 28, 2008.

3.    The proposed First Amended Complaint will have no impact on any deadlines in the case, nor will it prejudice any party. The proposed Amended Complaint does not in any fashion, change the underlying substantive facts alleged in Plaintiff's original Complaint. The proposed Amended Complaint simply reflects the current state of the law under the Foreign Sovereign Immunities Act.

D.    The Minimal Changes To The Complaint Do Not Require Reservice on Defendants

There is no need for service of this First Amended Complaint on Defendants as none of the changes are substantial. See Blais v. Islamic Republic of Iran, 459 F.Supp.2d at 46; Dammarell v. Islamic Republic of Iran, 370 F. Supp. 2d. 218, 225 (D.D.C. 2005). The causes of action in the First Amended Complaint are virtually identical to those in the initial complaint. The only real difference is that they are now made under another available source of law – namely federal common law. The Defendants clearly have fair notice of the allegations and relief sought. Id.

In terms of changes,[2] the First Amended Complaint deletes Count II from the original complaint (as Gail Belkin, as a non-U.S. citizen, could not maintain a survival action on her own behalf). The new Count II is a wrongful death claim identical to existing Count I, but now brought under 28 U.S.C. § 1605A(c) where as Count I is brought under District of Columbia law.

---

[2]    A few jurisdictional citations have also been changed in the First Amended Complaint. For example, in the Original Complaint, jurisdiction over the parties was invoked under 28 U.S.C. § 1605(a)(7). Subsection (a)(7), however, has been deleted by the new legislation. See 28 U.S.C. § 1605A(b)(1). Jurisdiction over the parties now lies under 28 U.S.C. § 1605A(a)(2). Compare ¶ 1 of Complaint with ¶ 1 of First Amended Complaint.

Count III of the original complaint, which sought damages for loss of consortium, now proceeds as a claim for loss of solatium as provided for in 28 U.S.C. § 1605A(c). To the extent that solatium is now included as a cause for damages under § 1605A(c), solatium is indistinguishable from intentional infliction of emotional distress. See, e.g., Surette v. Islamic Republic of Iran, 231 F. Supp. 2d 260, 267 n. 5 (D.D.C. 2002) ("In the context of FSIA cases, this Court has recognized the claim of solatium as … indistinguishable from the claim of intentional infliction of emotional distress."); see also Wagner v. Islamic Republic of Iran, 172 F. Supp. 2d 128, 135 n. 11. (D.D.C. 2001) (same).

Finally there is a new Count IV-A which is nearly identical to original Count IV. Both seek damages for intentional infliction of emotional distress. Count IV relies on District of Columbia law and Count IV-A relies on federal common law under 28 U.S.C. § 1605A(c).

For the foregoing reasons, Plaintiff respectfully requests leave to fill the amended complaint lodged herewith.

Dated: December 7, 2007                          Respectfully submitted,


                                                 /s/Paul L. Knight
                                                 Paul L. Knight (D.C. Bar #911594)
                                                 Emil Hirsch (D.C. Bar #903479)
                                                 O'Connor & Hannan, LLP
                                                 1666 K Street, NW, Suite 500
                                                 Washington, DC  20036
                                                 Telephone:  (202) 887-1400
                                                 Facsimile:  (202) 466-3215

                                                 *Attorneys for Plaintiffs*

TAB 1

# THOMAS Search Result - Bill, Resolution

**Bill Number:** H. R. 4986 (CPH)
**Bill Title:** National Defense Authorization Act for Fiscal Year 2008 (Considered and Passed by House)
**Sponsor:** Rep Skelton, Ike ❍ View all legislation sponsored by this member.
**Introduced:** 2008/01/16
**Latest Major Action:** 2008/01/28 Became Public Law No: 110-181. **GPO:** [TEXT | PDF ]
**Notes:** There are no notes for this Bill

`Sec. 1605A. Terrorism exception to the jurisdictional immunity of a foreign state

`(a) In General-

  `(1) NO IMMUNITY- A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

  `(2) CLAIM HEARD- The court shall hear a claim under this section if--

    `(A)(i)(I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

    `(II) in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 or is filed under this section by reason of section 1083(c)(3) of that Act, the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) (as in effect before the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) was filed;

    `(ii) the claimant or the victim was, at the time the act described in paragraph (1) occurred--

      `(I) a national of the United States;

      `(II) a member of the armed forces; or

`(III) otherwise an employee of the Government
of the United States, or of an individual
performing a contract awarded by the United
States Government, acting within the scope of
the employee's employment; and

`(iii) in a case in which the act occurred in the foreign state
against which the claim has been brought, the claimant has
afforded the foreign state a reasonable opportunity to arbitrate
the claim in accordance with the accepted international rules of
arbitration; or

`(B) the act described in paragraph (1) is related to Case
Number 1:00CV03110 (EGS) in the United States District Court
for the District of Columbia.

`(b) Limitations- An action may be brought or maintained under this section if the
action is commenced, or a related action was commenced under section 1605(a)(7)
(before the date of the enactment of this section) or section 589 of the Foreign
Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as
contained in section 101(c) of division A of Public Law 104-208) not later than the latter
of--

`(1) 10 years after April 24, 1996; or

`(2) 10 years after the date on which the cause of action arose.

`(c) Private Right of Action- A foreign state that is or was a state sponsor of terrorism
as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that
foreign state while acting within the scope of his or her office, employment, or agency,
shall be liable to--

`(1) a national of the United States,

`(2) a member of the armed forces,

`(3) an employee of the Government of the United States, or of an
individual performing a contract awarded by the United States Government,
acting within the scope of the employee's employment, or

`(4) the legal representative of a person described in paragraph (1), (2), or
(3),

for personal injury or death caused by acts described in subsection (a)(1) of that
foreign state, or of an official, employee, or agent of that foreign state, for which the
courts of the United States may maintain jurisdiction under this section for money
damages. In any such action, damages may include economic damages, solatium, pain
and suffering, and punitive damages. In any such action, a foreign state shall be
vicariously liable for the acts of its officials, employees, or agents.

`(d) Additional Damages- After an action has been brought under subsection (c),
actions may also be brought for reasonably foreseeable property loss, whether insured
or uninsured, third party liability, and loss claims under life and property insurance
policies, by reason of the same acts on which the action under subsection (c) is based.

`(e) Special Masters-

  `(1) IN GENERAL- The courts of the United States may appoint special masters to hear damage claims brought under this section.

  `(2) TRANSFER OF FUNDS- The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. 10603c), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

`(f) Appeal- In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this title.

`(g) Property Disposition-

  `(1) IN GENERAL- In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is--

    `(A) subject to attachment in aid of execution, or execution, under section 1610;

    `(B) located within that judicial district; and

    `(C) titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

  `(2) NOTICE- A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

  `(3) ENFORCEABILITY- Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this title.

`(h) Definitions- For purposes of this section--

  `(1) the term `aircraft sabotage' has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

  `(2) the term `hostage taking' has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

  `(3) the term `material support or resources' has the meaning given that term in section 2339A of title 18;

`(4) the term `armed forces' has the meaning given that term in section 101 of title 10;

`(5) the term `national of the United States' has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22));

`(6) the term `state sponsor of terrorism' means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), section 40 of the Arms Export Control Act (22 U.S.C. 2780), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

`(7) the terms `torture' and `extrajudicial killing' have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (28 U.S.C. 1350 note).'.

(2) AMENDMENT TO CHAPTER ANALYSIS- The table of sections at the beginning of chapter 97 of title 28, United States Code, is amended by inserting after the item relating to section 1605 the following:

`1605A. Terrorism exception to the jurisdictional immunity of a foreign state.'.

(b) Conforming Amendments-

(1) GENERAL EXCEPTION- Section 1605 of title 28, United States Code, is amended--

(A) in subsection (a)--

(i) in paragraph (5)(B), by inserting `or' after the semicolon;

(ii) in paragraph (6)(D), by striking `; or' and inserting a period; and

(iii) by striking paragraph (7);

(B) by repealing subsections (e) and (f); and

(C) in subsection (g)(1)(A), by striking `but for subsection (a) (7)' and inserting `but for section 1605A'.

(2) COUNTERCLAIMS- Section 1607(a) of title 28, United States Code, is amended by inserting `or 1605A' after `1605'.

(3) PROPERTY- Section 1610 of title 28, United States Code, is amended--

(A) in subsection (a)(7), by striking `1605(a)(7)' and inserting `1605A';

(B) in subsection (b)(2), by striking `(5), or (7), or 1605(b)'
and inserting `or (5), 1605(b), or 1605A';

(C) in subsection (f), in paragraphs (1)(A) and (2)(A), by
inserting `(as in effect before the enactment of section 1605A)
or section 1605A' after `1605(a)(7)'; and

(D) by adding at the end the following:

`(g) Property in Certain Actions-

   `(1) IN GENERAL- Subject to paragraph (3), the property of a foreign state
   against which a judgment is entered under section 1605A, and the property
   of an agency or instrumentality of such a state, including property that is a
   separate juridical entity or is an interest held directly or indirectly in a
   separate juridical entity, is subject to attachment in aid of execution, and
   execution, upon that judgment as provided in this section, regardless of--

      `(A) the level of economic control over the property by the
      government of the foreign state;

      `(B) whether the profits of the property go to that
      government;

      `(C) the degree to which officials of that government manage
      the property or otherwise control its daily affairs;

      `(D) whether that government is the sole beneficiary in
      interest of the property; or

      `(E) whether establishing the property as a separate entity
      would entitle the foreign state to benefits in United States
      courts while avoiding its obligations.

   `(2) UNITED STATES SOVEREIGN IMMUNITY INAPPLICABLE- Any property
   of a foreign state, or agency or instrumentality of a foreign state, to which
   paragraph (1) applies shall not be immune from attachment in aid of
   execution, or execution, upon a judgment entered under section 1605A
   because the property is regulated by the United States Government by
   reason of action taken against that foreign state under the Trading With the
   Enemy Act or the International Emergency Economic Powers Act.

   `(3) THIRD-PARTY JOINT PROPERTY HOLDERS- Nothing in this subsection
   shall be construed to supersede the authority of a court to prevent
   appropriately the impairment of an interest held by a person who is not
   liable in the action giving rise to a judgment in property subject to
   attachment in aid of execution, or execution, upon such judgment.'.

(4) VICTIMS OF CRIME ACT- Section 1404C(a)(3) of the Victims of Crime
Act of 1984 (42 U.S.C. 10603c(a)(3)) is amended by striking `December
21, 1988 with respect to which an investigation or' and inserting `October
23, 1983, with respect to which an investigation or civil or criminal'.

(c) Application to Pending Cases-

    (1) IN GENERAL- The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

    (2) PRIOR ACTIONS-

        (A) IN GENERAL- With respect to any action that--

            (i) was brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), before the date of the enactment of this Act,

            (ii) relied upon either such provision as creating a cause of action,

            (iii) has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

            (iv) as of such date of enactment, is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure,

      that action, and any judgment in the action shall, on motion made by plaintiffs to the United States district court where the action was initially brought, or judgment in the action was initially entered, be given effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code.

      (B) DEFENSES WAIVED- The defenses of res judicata, collateral estoppel, and limitation period are waived--

            (i) in any action with respect to which a motion is made under subparagraph (A), or

            (ii) in any action that was originally brought, before the date of the enactment of this Act, under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), and is refiled under section 1605A(c) of title 28, United States Code,

      to the extent such defenses are based on the claim in the action.

(C) TIME LIMITATIONS- A motion may be made or an action may be refiled under subparagraph (A) only--

(i) if the original action was commenced not later than the latter of--

(I) 10 years after April 24, 1996; or

(II) 10 years after the cause of action arose; and

(ii) within the 60-day period beginning on the date of the enactment of this Act.

(3) RELATED ACTIONS- If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after--

(A) the date of the entry of judgment in the original action; or

(B) the date of the enactment of this Act.

(4) PRESERVING THE JURISDICTION OF THE COURTS- Nothing in section 1503 of the Emergency Wartime Supplemental Appropriations Act, 2003 (Public Law 108-11, 117 Stat. 579) has ever authorized, directly or indirectly, the making inapplicable of any provision of chapter 97 of title 28, United States Code, or the removal of the jurisdiction of any court of the United States.

(d) Applicability to Iraq-

(1) APPLICABILITY- The President may waive any provision of this section with respect to Iraq, insofar as that provision may, in the President's determination, affect Iraq or any agency or instrumentality thereof, if the President determines that--

(A) the waiver is in the national security interest of the United States;

(B) the waiver will promote the reconstruction of, the consolidation of democracy in, and the relations of the United States with, Iraq; and

(C) Iraq continues to be a reliable ally of the United States and partner in combating acts of international terrorism.

Case 1:06-cv-00711-RLF Document 17 Filed 03/28/2008 Page 17 of 17

(2) TEMPORAL SCOPE- The authority under paragraph (1) shall apply--

(A) with respect to any conduct or event occurring before or on the date of the enactment of this Act;

(B) with respect to any conduct or event occurring before or on the date of the exercise of that authority; and

(C) regardless of whether, or the extent to which, the exercise of that authority affects any action filed before, on, or after the date of the exercise of that authority or of the enactment of this Act.

(3) NOTIFICATION TO CONGRESS- A waiver by the President under paragraph (1) shall cease to be effective 30 days after it is made unless the President has notified Congress in writing of the basis for the waiver as determined by the President under paragraph (1).

(4) SENSE OF CONGRESS- It is the sense of the Congress that the President, acting through the Secretary of State, should work with the Government of Iraq on a state-to-state basis to ensure compensation for any meritorious claims based on terrorist acts committed by the Saddam Hussein regime against individuals who were United States nationals or members of the United States Armed Forces at the time of those terrorist acts and whose claims cannot be addressed in courts in the United States due to the exercise of the waiver authority under paragraph (1).

(e) Severability- If any provision of this section or the amendments made by this section, or the application of such provision to any person or circumstance, is held invalid, the remainder of this section and such amendments, and the application of such provision to other persons not similarly situated or to other circumstances, shall not be affected by such invalidation.

**TITLE XI--CIVILIAN PERSONNEL MATTERS**

Sec. 1101. Extension of authority to waive annual limitation on total compensation paid to Federal civilian employees working overseas under areas of United States Central Command.

Sec. 1102. Continuation of life insurance coverage for Federal employees called to active duty.

Sec. 1103. Transportation of dependents, household effects, and personal property to former home following death of Federal employee where death resulted from disease or injury incurred in the Central Command area of responsibility.