**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAWRENCE BELKIN, INDIVIDUALLY**<br>**AND AS NEXT OF KIN OF GAIL BELKIN,**<br><br>                         **Plaintiff,**<br><br>       **v.**<br><br>**ISLAMIC REPUBLIC OF IRAN,** *et al.,*<br><br>                         **Defendants.** | **Civil Action No. 06-0711 (PLF)** |

## <u>RENEWED MOTION FOR JUDGMENT BY DEFAULT</u>

Pursuant to the Court's June 17, 2008 Order, Plaintiff Lawrence Belkin, individually and as next of kin of his deceased wife Gail Belkin, through undersigned counsel, respectfully moves pursuant to Rule 55(b), Fed. R. Civ. P., for judgment by default.  In support thereof, the following is submitted:

1.      The original Complaint in this action was served on Defendants Islamic Republic of Iran and the Ministry of Information and Security ("MOIS") on April 22, 2007 by the State Department via the Swiss Embassy in Tehran pursuant to 28 U.S.C. § 1608(a)(4)[1] .  Defendants had 60 days until June 21, 2007 to file a responsive pleading.  Thereafter, and up to the present, the Defendants have failed to plead or otherwise defend this action as provided by the Federal Rules of Civil Procedure.

2.      On July 6, 2007, the Clerk entered a default as to each Defendant pursuant to Rule 55(a), Fed. R. Civ. P.

---

[1] Service was not effected on the Islamic Revolutionary Guard Corp ("IRGC") and this matter should be dismissed as to the IRGC.

3.      On June 27, 2007, Plaintiff Belkin moved for judgment by default pursuant to Rule 55(b).

4.      On December 7, 2007, Plaintiff filed proposed findings of fact and conclusions of law along with his underlying evidentiary exhibits in support of his motion for a judgment by default.

5.      On March 28, 2008, prior to the Court ruling on Plaintiff's motion for default judgment, Plaintiff filed a motion for leave to file a First Amended Complaint under the authority of Section 1083(c)(2) and (3) of the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, 122 Stat. 3.  The Court granted Plaintiff's motion on June 17, 2008 and accepted Plaintiff's First Amended Complaint for filing.

6.      The First Amended Complaint adds three new counts, each of which rely on federal common law as provided for in 28 U.S.C. § 1605A(c), "Private Right of Action."  These three new counts, namely Counts II, III, and IV-A rely on the same facts pled in the original Complaint and are similar to counts pled in the original Complaint.  Count II, which is new, alleges wrongful death under federal common law whereas Count I, which is the same as in the original Complaint, alleges wrongful death under D.C. law.  New Count IV-A alleges intentional infliction of emotional distress under federal common law whereas existing Count IV alleges intentional infliction of emotional distress under the laws of the District of Columbia.  New Count III pleads solatium damages under federal common law.

7.      Plaintiff renews his motion for a judgment by default pursuant to Rule 55(b)(2) on the First Amended Complaint and is relying on his previously presented evidence and affidavits to support his evidentiary burden.  As provided for in relevant part in 28 U.S.C. § 1608(e) of the Foreign Sovereign Immunities Act,

> No judgment by default shall be entered by a court of the United States ... against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court...

8.      Plaintiff submits that the evidence he submitted on December 7, 2007 is sufficient to establish his claims.  In prior cases against the Islamic Republic of Iran and MOIS, judges of this Court have accepted as evidence in whole or in part by way of prior sworn testimony and affidavits in these uncontested proceedings to be sufficient to meet the requirements of § 1608(e).  *See, e.g., Weinstein v. Islamic Republic of Iran,* 175 F.Supp.2d 13, 21 (D.D.C. 2001) (Lamberth, J.); *Jacobsen v. Islamic Republic of Iran, et al.,* Civil Action No. 02-1365 (Robertson, J.).

9.      Culpability for the suicide bombing of the Dizengoff Center Shopping Mall, in which Plaintiff's wife was killed, is attributed to the Palestine Islamic Jihad ("PIJ"), Shaqaqi faction.  Support of the terrorist activities of the Shaqaqi faction of the PIJ by Islamic Republic of Iran, MOIS, and the Revolutionary Guard Corp has been previously established.  *See Haim v. Islamic Republic of Ian,* 425 F.Supp.2d 56 (D.D.C. 2006); *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 8-10 (D.D.C. 1998).  Dr. Patrick Clawson has been retained by Plaintiff Belkin to serve as an expert in this matter and has opined that the Defendants have provided material support and resources leading to the extrajudicial killing of Plaintiff's wife.

10.     Should the Court want to proceed with live testimony or receive additional evidence, Plaintiff requests that a hearing date be set at the Court's convenience, with sufficient time to secure the attendance of witnesses from Israel.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment by default by virtue of all the evidence submitted against the Islamic Republic of Iran and the Ministry of Information and Security.

Dated:  August 1, 2008                           Respectfully submitted,

/s/ Paul L. Knight
Emil Hirsch (DC Bar No. 930479)
Paul L. Knight (DC Bar No. 911594)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C.  20006-2803
Telephone:  (202) 887-1400
Facsimile:  (202) 466-3215

*Attorneys for Plaintiff*