UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE BELKIN, Individually, and as next of kin of Gail Belkin, <br><br> Plaintiff, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, et al., <br><br> Defendants. | Civil Action No. 06-0711 (PLF) |

MEMORANDUM OPINION AND ORDER

Pending before this Court is Plaintiff Lawrence Belkin's Motion to Renew Judgment and Points and Authorities in Support ("Mot. to Renew") [Dkt. No. 34]. Mr. Belkin moves to renew his judgment against the Islamic Republic of Iran and Iran's Ministry of Information and Security, pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1962, and D.C. Code § 15-103. Mot. to Renew at 1.

On October 9, 2009, Mr. Belkin was awarded compensatory damages of $10,000,000 for solatium, wrongful death damages of $380,558, and prejudgment interest of $8,145,205. Judgment [Dkt. No. 27]. He contends that this Judgment has not been released, paid, or otherwise discharged by defendants despite proper notice of the Complaint and Judgment. Id. at ¶ 5. Mr. Belkin's motion is unopposed by defendants, who have remained in default at all times in this proceeding and have thus far failed to appear or respond in any terrorism case in this district for over twenty years. Id. at ¶¶ 6-7. For the reasons that follow, the Court will grant Mr. Belkin's motion to renew the judgment.

I.  BACKGROUND

In 2006, Mr. Belkin brought an action under the Foreign Sovereign Immunities Act ("FSIA") against the defendants. Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d at 11. Under the FSIA, foreign states are immune from suits in United States courts subject to certain statutory exceptions to immunity for certain categories of cases. Id. at 18. The "state-sponsored terrorism" exception, set forth at 28 U.S.C. § 1605A, "remove[s] a foreign state's immunity from suits for money damages brought in U.S. courts where plaintiffs seek damages against the foreign state for personal injury or death caused by 'an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources' for such an act if such act or provision of material support 'is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment or agency.'" Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d at 18 (quoting 28 U.S.C. § 1605A(a)(1)) (citing Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229, 304 (D.D.C. 2006)). In order to subject a foreign sovereign to suit under Section 1605A, a plaintiff must show that: "(1) the foreign sovereign was designated by the State Department as a 'state sponsor of terrorism' when the acts occurred and remains so designated when the matter was refiled, 28 U.S.C. § 1605A(a)(2)(A)(i)(I); (2) that the victim or claimant was a U.S. national at the time the acts took place, see 28 U.S.C. § 1605A(a)(2)(A)(ii)(I); and (3) that the foreign sovereign engaged in conduct that falls within the ambit of the statute. 28 U.S.C. § 1605A(a)(1)." Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d at 19. The Court determined that each requirement was met in this case and that it had subject matter jurisdiction. Id.

On July 27, 2007, Mr. Belkin moved for default judgment under Rule 55 of the Federal Rules of Civil Procedure. Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d at 11-12;

see Fed. R. Civ. P. 55. "In an action over which subject matter jurisdiction exists by virtue of the 'terrorism exception' of 28 U.S.C. § 1605A, '[n]o judgment by default shall be entered by a court of the United States . . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.'" Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d at 20 (quoting 28 U.S.C. § 1608(e)) (citing Roeder v. Islamic Republic of Iran, 333 F.3d 228, 232-33 (D.C. Cir. 2003)). In the present case, the Court accepted and credited the uncontested evidence and testimony submitted by Mr. Belkin as true, determining that "[n]ot only have the defendants in this action not objected to such evidence or even appeared to contest it, but the Court finds the evidence submitted by plaintiff to be relevant and highly probative of the claims asserted." Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d at 20.

On October 9, 2009, following defendants' default for failing to respond and the subsequent presentation of evidence in support of Mr. Belkin's claims that was satisfactory to the Court, the Court entered a default judgment. Judgment; see Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d at 24-25. On April 6, 2020, Mr. Belkin filed a motion with this Court seeking the revival of his judgment against defendants. See Mot. to Renew.

## II.  LEGAL STANDARD

The life of a judgment issued by a federal district court is determined by the law of the state jurisdiction wherein the federal court is located. See Fed. R. Civ. P. 69(a)(1); Kutsushi v. Gov't of D.C., Civil Action No. 05-814, 2018 WL 8261145, at *1 (D.D.C. May 1, 2018). Under District of Columbia law, final judgments of the United States District Court for the District of Columbia are enforceable for a period of twelve years. D.C. Code § 15-101; see Blackman v. District of Columbia, 239 F. Supp. 3d 22, 23 (D.D.C. 2017) (citing Mayo v. Mayo, 508 A.2d 114, 115 (D.C. 1986)). A court may issue an order of revival

"during the period of twelve years . . . from the date of [the] order, extend[ing] the effect and operation of the judgment or decree . . . for a period of twelve years from the date of the order." D.C. Code § 15-103; see Kutsushi v. Gov't of D.C., 2018 WL 8261145, at *1; Order, Peterson v. Islamic Republic of Iran, Civil Action No. 01-2094 (D.D.C. June 4, 2019), [Dkt. No. 589] (granting motion to revive plaintiff's default judgment); Order Granting Motion for Renewal of Judgment, Flatow v. Islamic Republic of Iran, Civil Action No. 97-396 (D.D.C. Mar. 3, 2010), [Dkt. No. 187] (same).

If the revival motion is timely, "[t]he D.C. Court of Appeals has stated that courts should grant an order of revival if the defendant offers 'no other defense or cause why the judgment should not be revived.'" Blackman v. District of Columbia, 239 F. Supp. 3d at 24 (quoting Nat'l Bank of Wash. v. Carr, 829 A.2d 942, 945 (D.C. 2003)).

While service of a motion on every party is normally required under Rule 5(a) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 5(a)(1)(D), if there is a party in default for failing to appear, the service requirement is waived unless a new claim for relief has been asserted against such a party, Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party . . . ."); see Barry v. Islamic Republic of Iran, 437 F. Supp. 3d 15, 41 n.31 (D.D.C. 2020) ("As relevant here, Rule 5 states that 'no service is required on a party who is in default for failing to appear.' Defendant Iran has not appeared in this suit, and the Clerk of the Court has entered default as to Iran with respect to the . . . Plaintiffs. Thus, the . . . Plaintiffs need not take further action, beyond filing a motion, to comply . . . .") (internal citations omitted); Baker v. Socialist People's Libyan Arab Jamahirya, 775 F. Supp. 2d 48, 73 n.7 (D.D.C. 2011) ("When [the] Judge . . . ordered that the . . . complaint could be amended to

include plaintiffs' § 1605A claims, she also ordered that no separate service was necessary, as no new claims were asserted.") (internal citation omitted).

### III.  DISCUSSION

Mr. Belkin's motion to renew has fulfilled the statutory requirements because it was properly filed on April 7, 2020 – approximately one year and six months before the twelve-year statutory period, commenced on October 9, 2009, expires on October 9, 2021.  See Mot. to Renew at 1-3; Judgment.  In addition, the defendants have remained in default at all times in this proceeding and have thus far failed to offer any defense or cause as to why Mr. Belkin's judgment against them should not be revived.  See Mot. to Renew at 2-3; Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d at 20; see also Blackman v. District of Columbia, 239 F. Supp. 3d at 24 (holding that, because defendants "have offered no reason why this Court should deny this motion", plaintiff's motion to revive should be granted); Nat'l Bank of Wash. v. Carr, 829 A.2d at 945 (reversing the trial court's order of dismissal and remanding for consideration of appellant's motion to revive the judgment with instructions that "[i]f appellees offer no other defense or cause why the judgment should not be revived, the trial court should grant appellant's motion.").

As a procedural matter, Mr. Belkin contends that, because defendants have remained at default at all times in this proceeding, service of this motion is not required pursuant to Rule 5(a)(2) of the Federal Rules of Civil Procedure.  Mot. to Renew ¶ 7; see Fed. R. Civ. P. 5(a)(2).  In the present case, the Court previously waived the service requirement for the filing of the Amended Complaint because defendants have remained in default at all times in this proceeding.  Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d at 20 (citing Fed. R. Civ. P. 5(a)(2); Blais v. Islamic Republic of Iran, 459 F. Supp. 2d 40, 46 (D.D.C. 2006); Dammarell

5

v. Islamic Republic of Iran, 370 F. Supp. 2d 218, 224 (D.D.C. 2005)) (holding that the Court will not require Mr. Belkin to serve the amended complaint on defendants because (1) defendants are in default and (2) the cause of action in the Amended Complaint is "essentially the same" as the cause of action in the original Complaint and therefore no new claim for relief was asserted).  Because no new claim has been asserted by Mr. Belkin in this motion and defendants have remained in default, service on defendants is not necessary; only the proper filing of the motion was required for compliance with Rule 5.  See Fed. R. Civ. P. 5(a)(2); Barry v. Islamic Republic of Iran, 437 F. Supp. 3d at 41 n.31; Baker v. Socialist People's Libyan Arab Jamahirya, 775 F. Supp. 2d at 73 n.7.

        To allow Mr. Belkin additional time to enforce the judgment, the Court will grant his motion and revive his judgment for an additional twelve years. For the foregoing reasons, it is hereby

        ORDERED that plaintiff's Motion to Renew [Dkt. No. 34] is GRANTED; and it is

        FURTHER ORDERED that the Judgment [Dkt. No. 27], entered herein on October 9, 2009, is hereby RENEWED and enforceable for another twelve years.

        SO ORDERED.

                                /s/
                              PAUL L. FRIEDMAN
                              United States District Judge

DATE: July 23, 2020